# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**ALBERTA BELL,**

and

**MONICA BRANSON,**

and

**TEVITA GAINES,**

and

**ITZEL GONZALEZ,**

and

**MARCIA MACKALL, on behalf of themselves
and all others similarly situated,**

    **Plaintiffs,**

v.

**THE UNITED STATES,**

    **Defendant.**

No.: 22-1280 C

## COMPLAINT AND REQUEST TO PROCEED AS A COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)

Alberta Bell, Monica Branson, Tevita Gaines, Itzel Gonzales, and Marcia Mackall (the "Plaintiffs"), on their own behalf and on the behalf of all others similarly situated, by and through their undersigned counsel, hereby file this Complaint against Defendant, the United States of America, to redress actions and omissions taken by Defendant in violation of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.,* 29 U.S.C § 216(b). Plaintiffs seeks a

declaratory judgment, backpay and other relief pursuant to 29 U.S.C. § 216; 28 U.S.C § 1346(a)(2); 5 U.S.C. § 5542(a); and 28 U.S.C. §§ 1491, 2201, 2202.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiffs' claims pursuant to 29 U.S.C. § 201, *et. seq.*, 29 U.S.C. § 216, 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue is proper pursuant to 28 U.S.C. § 1491.

## PARTIES

3. Plaintiffs, and all others similarly situated, have been or are currently considered an "employee" as defined by 29 U.S.C. § 203(e).

4. Plaintiffs, and all others similarly situated, are either current or former employees of the United States Department of Health and Human Services ("HHS").

5. Defendant, the United States of America, has acted principally through the HHS, an Agency of the United States. At all relevant times, the agents, officers, and representatives of the United States who took the actions at issue were duly authorized by the United States to take those actions and thus, Defendant is responsible for the actions described in this Complaint.

## FACTS

6. HHS's Office of Refugee Resettlement ("ORR") Unaccompanied Children ("UC") Program provides a safe and appropriate environment to children and youth who enter the United States without immigration status and without a parent or legal guardian who is able to provide for their physical and mental well-being (referred to as "unaccompanied children").

7. In most cases, unaccompanied children are apprehended by U.S. Department of Homeland Security ("DHS") immigration officials and then transferred to the care and custody of ORR.

8. During times of extreme need, ORR seeks out federal employees to volunteer for details to support the Defendant's urgent effort to care for and place unaccompanied children who have entered the United States.

9. Plaintiffs, and all others similarly situated, volunteered for details to assist the efforts of the ORR UC Program.

10. In doing so, Plaintiffs, and all others similarly situated, were physically deployed and were assigned with new duties unrelated to their regular positions of record.

11. Pursuant to 5 C.F.R. § 550.103, an emergency means a temporary condition posing a direct threat to human life or property.

12. OPM has determined that the unaccompanied children who are being assisted by HHS following entry into the United States are subject to conditions posing a direct threat to their lives, as they are in need of food, shelter, supervision, and protection, and unable to provide such resources for themselves.

13. As such, OPM has determined that the presence of unaccompanied children in the United States constitutes an emergency.

14. 5 C.F.R. § 551.211(f) addresses the FLSA exemption status of employees during an emergency situation that "directly threatens human life or safety, serious damage to property, or serious disruption to the operations of an activity and there is no recourse other than to assign qualified employees to temporarily perform work or duties in connection with the emergency."

15. In such a designated emergency, employees normally designated as FLSA-exempt may maintain this exemption during an emergency if they are continuing to perform exempt work. However, employees who are normally exempt, but who engage in primary duties that are nonexempt during the emergency, become temporarily FLSA-nonexempt, measured on a workweek basis.

16. Employees normally designated as FLSA-nonexempt maintain this nonexempt designation even if they primarily perform exempt work during the emergency.

17. Plaintiffs, and all others similarly situated, whose regular positions of record were designated as FLSA-exempt, performed FLSA-nonexempt duties while deployed on detail during the emergency.

18. For example, some of the Plaintiffs, and similarly situated individuals, were assigned to the position of "Youth Care Volunteer / Line of Sight" ("LOS").

19. LOSs would observe and oversee physical facilities to ensure the safety of the children as well as the staff and volunteers at all times.

20. LOSs would also act as a liaison with maintenance or other personnel in the event of any suspected or confirmed safety issues.

21. Some of the Plaintiffs, and similarly situated individuals, were assigned the position of "Case Manager."

22. Case Managers would track individual service plans, screen for human trafficking concerns, and assist with discharging the unaccompanied children.

23. The LOS and Case Manager positions are illustrative and do not cover all of the FLSA-nonexempt positions held by Plaintiffs and others similarly situated.

24. The primary duties performed by Plaintiffs and others similarly situated, were FLSA-nonexempt duties.

25. Plaintiffs, and others similarly situated, when performing duties while on detail, were not employees whose primary duties were directly related to the management or general business operations, as distinguished from production functions, of the Agency.

26. Plaintiffs, and others similarly situated, when performing duties while on detail, did not perform management functions or activities, such as interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or financial records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment, or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures.

27. Plaintiffs, and others similarly situated, when performing duties while on detail, did not perform work that is directly related to assisting with the running or servicing of the business.

28. Plaintiffs, and others similarly situated, when performing duties while on detail, did not perform work that is directly related to general business operations, such as work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality

control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations; government relations; computer network, Internet and database administration; legal and regulatory compliance; and similar activities.

29. Plaintiffs, and others similarly situated, when performing duties while on detail, did not exercise discretion and independent judgment over matters of significance in the course of their duties.

30. Plaintiffs, and others similarly situated, when performing duties while on detail, followed standard operating procedures and did not have the authority to deviate from those standards.

31. In the event some deviation from the standard procedures is required, Plaintiffs, and others similarly situated, were required to seek instruction from their supervisors as to how to proceed.

32. Despite performing FLSA-nonexempt duties while on detail, Plaintiffs, and others similarly situated, had their FLSA designation wrongfully designated as exempt from the FLSA.

33. Moreover, even when Plaintiffs, and others similarly situated, were assigned to positions while on detail which may have been properly designated as exempt, they were still tasked with performing LOS or other non-exempt positions without being formally reassigned.

34. Plaintiffs, and others similarly situated, routinely worked more than 8 hours in a day, 40 hours in a week, or 80 hours in a pay-period ("overtour work").

35. Because they have been designated as FLSA-exempt, Plaintiffs, and others similarly situated, have performed overtour work for the Agency without receiving overtime compensation pursuant to the FLSA. Rather, they received overtime compensation pursuant to Title 5/FEPA.

36. The regulations promulgated by OPM require that an agency which exempts an employee from the FLSA do so only after correctly determining that the employee clearly meets the requirements of one or more of the exemptions provided in the regulations. 5 C.F.R. § 551.502.

37. A nonexempt employee is covered by the overtime pay provisions of the FLSA, and is entitled to time-and-one-half overtime pay pursuant to the implementing regulations by OPM; those regulations require that non-exempt employees be compensated with overtime pay for all hours worked in excess of 8 hours in a day, 40 hours in a week, or 80 hours in a pay period, and for suffered or permitted overtime hours. 29 U.S.C. §§ 201 et seq.; 5 C.F.R. Part 551; 5 C.F.R. § 551.501.

38. By failing to properly designate Plaintiffs, and others similarly situated, properly as FLSA-nonexempt, the Defendant has violated the FLSA, OPM regulations and supporting case law.

39. By failing to pay Plaintiffs, and others similarly situated, their proper overtime compensation, the Defendant has violated the overtime provisions of the FLSA.

40. By failing to pay Plaintiffs, and others similarly situated, their proper overtime compensation, the Defendant is liable for liquidated damages under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

41. As it did with the named Plaintiffs, Defendant failed to pay overtime compensation pursuant to the FLSA to other HHS employees deployed to details as part of the ORR UC Program.

42. These employees have suffered the same harm suffered by the named Plaintiffs as a result of the Defendant's actions and omissions, and are entitled to the same relief.

43. The overtime pay owed to the named Plaintiffs, and all similarly situated employees, who were deployed to details as part of the ORR UC Program, can be easily calculated using the Defendant's payroll data and records.

44. The amount of liquidated damages due to the named Plaintiffs, and all similarly situated employees, deployed to details as part of the ORR UC Program can be easily calculated using the Defendant's payroll data and records.

45. Upon information and belief, hundreds of similarly situated employees deployed to details as part of the ORR UC Program who were designated as FLSA-exempt but performed FLSA-nonexempt duties while on deployment have not received overtime pay pursuant to the FLSA.

46. Moreover, some employees eventually received overtime pay, albeit untimely, and did not receive liquidated damages as a result of the untimely payments.

47. In the event that some employees are paid overtime pay during the pendency of this case, those payments would be untimely and those employees would be entitled to liquidated damages as a result of the untimely payments.

48. A 29 U.S.C. § 216(b) collective action would be the most efficient way to resolve these employees' FLSA claims, which involve identical questions of law and fact.

49. Defendant has the ability to communicate with potential opt-in employees via its personnel records and electronic mail system.

## CAUSES OF ACTION

### COUNT I
### CLAIM FOR IMPROPER DESIGNATION OF FLSA STATUS

50. Plaintiffs, and all others similarly situated, hereby re-allege and incorporate each of the preceding paragraphs as if fully set forth herein.

51. Plaintiffs, and all others similarly situated, performed duties outside of their position of record while deployed to details as part of the ORR UC Program.

52. The primary duties of the positions to which Plaintiffs, and others similarly situated, were deployed did not meet any of the relevant FLSA exemptions and as such, they should have been designated as FLSA-nonexempt.

53. Defendant violated the FLSA and the applicable regulations by failing to properly designate Plaintiffs, and all others similarly situated, as FLSA-nonexempt while on deployment.

54. Defendant cannot demonstrate good faith and reasonable grounds for believing its improper designation of FLSA status did not violate the FLSA.

### COUNT II
### CLAIM FOR FAILURE TO PAY ALL FLSA DAMAGES

55. Plaintiffs, and all others similarly situated, hereby re-allege and incorporate each of the preceding paragraphs as if fully set forth herein.

56. During the course of their employment, Plaintiffs, and all others similarly situated, have routinely worked in excess of 8 hours in a day, 40 hours in a week or 80 hours in a pay-period.

57. Plaintiffs, and all others similarly situated, performed the aforementioned work in excess of their scheduled tour of duty without receiving FLSA overtimes wages for such work performed.

58. Plaintiffs, and all others similarly situated, are entitled to FLSA mandated overtime compensation plus liquidated damages for time spent committed to Defendant in the discharge of their job duties.

59. Defendant has not properly paid Plaintiffs, and all others similarly situated, their overtime wages as mandated by the FLSA.

60. Defendant has not properly paid Plaintiffs, and all others similarly situated, their liquidated damages for untimely payments as mandated by the FLSA.

61. Defendant cannot demonstrate good faith and reasonable grounds for believing its failure to pay overtime wages did not violate the FLSA.

62. Defendant cannot avoid liability for liquidated damages because it cannot show its failure was due to an event wholly beyond its control.

63. Defendant's actions were willful.

64. Plaintiffs, and all others similarly situated, have suffered pecuniary losses and are entitled to full recovery pursuant to the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court enter judgment in favor of Plaintiffs, and all those similarly situated, and that this Court:

a) Certify this FLSA collective action pursuant to 29 U.S.C. § 216(b).

b) Order Defendant to issue notice to all individuals who currently, or in the last three years, have worked for HHS, and who went on details to the ORR UC Program and

did not receive FLSA overtime pay, informing such persons of their rights to participate in this action;

c) Declare that the Defendant has been and continues to be in violation of said provisions by failing to pay such compensation as required by the FLSA;

d) Order that Plaintiffs, including opt-ins, shall receive overtime compensation pursuant to the FLSA for all hours worked without proper compensation;

e) Order Defendant to pay to the named and opt-in Plaintiffs liquidated damages in an amount equal to the amounts which were not properly and/or timely paid pursuant to the FLSA;

f) Award to all named and opt-in Plaintiffs such other compensation and benefits to which they may be entitled as a result of the unlawful practices and policies of Defendant;

g) Enjoin Defendant from failing to pay overtime compensation pursuant to the FLSA to all named and opt-in Plaintiffs;

h) Award all named and opt-in Plaintiffs their costs of suit;

i) Award all named and opt-in Plaintiffs reasonable attorney's fees and expenses; and

j) Grant such other and further relief as this Court deems to be appropriate and just.

        Respectfully submitted,

        **/s/ JACOB Y. STATMAN**
Jacob Y. Statman, Esq.
Snider & Associates, LLC
600 Reisterstown Road; 7th Floor
Baltimore, Maryland 21208
Phone: (410) 653-9060
Fax: (410) 653-9061
Email: jstatman@sniderlaw.com
Counsel of Record for Plaintiffs

## **CERTIFICATE OF SERVCE**

I hereby certify that on this 13th day of September, 2022, a copy of the foregoing Complaint and Request to Proceed as a Collective Action Pursuant to 29 U.S.C. §216(b) and Civil Cover Sheet were filed with the Clerk of Court via the CM/ECF filings system. Pursuant to the Rules of the United States Court of Federal Claims, the Clerk of Court will serve the Defendant, United States.

   /s/  JACOB Y. STATMAN
Jacob Y. Statman, Esq.
Snider & Associates, LLC
600 Reisterstown Road; 7th Floor
Baltimore, Maryland 21208
Phone: (410) 653-9060
Fax: (410) 653-9061
Email: jstatman@sniderlaw.com
Counsel of Record for Plaintiffs